# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20731
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINO ISAAC CARRILLO-HERNANDEZ, also known as Lino Carrillo-Hernandez, also known as Lino Carillo-Hernandez, also known as Lino Isaac Carrillo, also known as Lino Isaac Hernandez Carrillo, also known as Lino Carrillo Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-476-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DENNIS, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lino Isaac Carrillo-Hernandez was convicted of illegal reentry after deportation and sentenced to thirty-two months of imprisonment. On appeal, Carrillo-Hernandez contends that the district court erred by applying an eight-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) and entering a judgment of conviction under 8 U.S.C. § 1326(b)(2), both based on a finding that his prior Texas conviction for evading arrest with a motor vehicle constituted an aggravated felony.   Carrillo-Hernandez argues that this prior conviction cannot serve as an aggravated felony under either the Guidelines or § 1326(b)(2) because the incorporated definition in 18 U.S.C. § 16(b) is unconstitutionally vague.  We affirmed.  *United States v. Carrillo-Hernandez*, 671 F. App'x 361 (5th Cir. 2016) (per curiam).

The Supreme Court granted Carrillo-Hernandez's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212, 1223 (2018).  In *Dimaya*, the Supreme Court held, consistent with Carrillo-Hernandez's argument regarding § 1326(b)(2), that 18 U.S.C. § 16(b) is unconstitutionally vague as incorporated into the Immigration and Nationality Act.  138 S. Ct. at 1212, 1223.  Accordingly, Carrillo-Hernandez is correct that his prior conviction cannot constitute an aggravated felony warranting judgment under § 1326(b)(2).

As we subsequently held in *United States v. Godoy*, however, § 16(b) remains validly incorporated into the advisory Guidelines for definitional purposes.  890 F.3d 531, 533, 539 (5th Cir. 2018) ("[W]hen § 16(b) is used by the nonbinding Guidelines solely for definitional purposes, vagueness-doctrine principles do not apply.").  Accordingly, to the extent Carrillo-Hernandez challenges the calculation of his Guidelines range, his argument is without merit.

In light of *Dimaya*, we VACATE the district court's judgment and REMAND for entry of judgment under 8 U.S.C. § 1326(b)(1) rather than § 1326(b)(2).